GOODALE, appellant, v. FINN.

*Arrest in civil action — joinder of claim authorizing with one not authorizing arrest.*

Plaintiff obtained a judgment in New Jersey upon two claims, one for moneys due upon a sale of a drug store, the other for a loan. In an action upon the judgment, upon an affidavit averring fraud in the purchase of the drug store but showing no fraud in relation to the loan, an order of arrest was obtained. *Held,* that the order could not be sustained.

APPEAL from an order of the special term vacating an order of arrest granted in this action by the special county judge of Orange county. The action was brought in Orange county by William H. Goodale against William H. Finn, upon a judgment recovered by plaintiff against defendant in the State of New Jersey. The material facts of the case appear in the opinion.

*Bacon & Duryea,* for appellant. The order was properly granted under Code, § 179, subd. 4, on the ground that defendant had been guilty of a fraud in incurring the obligation for which the action was brought. *Smith* v. *Spinolla,* 2 Johns. 198; *Sicard* v. *Whale,* 11 id. 194; *Peck* v. *Hozier,* 14 id. 346; *City Bank* v. *Lumley,* 28 How. 397; *Brown* v. *Ashbough,* 40 id. 226; *Johnson* v. *Whitman,* 10 Abb. N. S. 111; *Arthurton* v. *Dalley,* 20 How. 311; *Wanzer* v. *DeBaun,* 1 E. D. Smith, 261; *Greenbaum* v. *Stein,* 2 Daly, 223.

*Daniel Finn,* for respondent.

TAPPEN, J. The plaintiff recovered a judgment against the defendant in the State of New Jersey, where they both resided, and subsequently the plaintiff brought this action in this State upon the New Jersey judgment; and he also obtained an order of arrest against the defendant averring that the defendant had been guilty of fraud in contracting the debt or obligation for which the action is brought; and further averring that defendant had removed or disposed of his property with intent to defraud creditors, and making certain allegations of fact to justify these averments. The defendant bought a drug store and its contents of the plaintiff, at Hackettstown, New Jersey,

in the year 1871,.for the sum of about $2,300, one-half of which had been paid by the defendant before he was sued by the plaintiff in New Jersey, for the balance of the purchase-money which was represented by the defendant's promissory note, and for an additional sum of $100 loaned to him by the plaintiff in January, 1873.

The fraud in contracting the debt consists in the representations of the defendant as to his means and resources to pay the debt, and the plaintiff says the statements were false. The parties are brothers-in-law. The defendant stated his resources were to come from his share of his father's estate.

The plaintiff obtained his judgment in New Jersey against the defendant on the 25th of September, 1873, for $1,270, and costs, being the balance due on the drug store purchase note, and for the $100 note. Prior to this the defendant's mother, Eliza Finn, had obtained a judgment against him for alleged borrowed money, under which judgment the drug store and its contents were sold by the sheriff, in April or May, 1873.

The plaintiff says that notwithstanding the sale, the defendant remained in possession, apparently doing business as before, and applying some of the goods to the payment of defendant's debts; the defendant says, that his mother had to buy most of the property at the sheriff's sale, and that he subsequently, by her express authority, went on to sell the goods, and close the establishment to the best advantage, and that he subsequently accounted fully to her. Nothing is advanced to impair the *bona fides* of the mother's judgment, and she makes affidavit, that by advice of her attorney, she gave Finn a power of attorney to make the sales of the goods which she had to purchase at the sheriff's sale, and that Finn accounted to her for the sales and paid her the proceeds.

The charge that defendant had disposed of his property, with intent to defraud creditors, is not sustained. The charge that the debt was fraudulently contracted depends upon the construction given to the defendant's representations as to what he had received, and would receive from his father's estate.

The defendant denies these representations, but the weight of the depositions shows that he made them; their falsity is not definitely established, but is inferred from his inability to pay his mother or the plaintiff. The money, some $1,200, which the plaintiff did receive from defendant, appears to have been mostly borrowed from his mother.

The plaintiff gave to the defendent an agreement at the time of the sale in respect to the promissory note, given for the balance of the purchase-money, which was drawn at one day after date. This agreement, among other things, provided that the note could be paid in installments of $150, every six months, and interest on the debt, and in default of that and several other conditions, the whole debt should be due. The defendant says that he informed the plaintiff that he would have to meet the note, or the installments, out of the business of the drug store, and the plaintiff assented. The further fact is averred that the parties are brothers-in-law, and plaintiff was for years acquainted with the defendant and his circumstances in life. Two half-yearly installments were subsequently paid on the note, with interest on the debt. Enough is disclosed by the papers to show that the plaintiff was so situated, with respect to the defendant, as to raise a doubt whether any fraud was practiced on him by the defendant, with respect to his resources, and this agreement gave the defendant four or five years to pay the debt, provided he made no default.

No averment of fraud touches the $100 loaned by plaintiff to defendant. It is included in the New Jersey judgment, obtained by plaintiff, and the order of arrest is for the entire debt represented by that judgment. For that reason the order cannot be sustained. *Robinson* v. *Flint,* 16 How. 243; *Brown* v. *Ashbough,* 40 How. 226; *Bowen* v. *True,* 53 N. Y. 640.

The further question presented by the case is this, the alleged fraud was practiced in New Jersey; the entire transaction happened there; the parties lived there; the plaintiff pursued his claim to judgment in the courts of that State; without any averment of fraud against the defendant, and the judgment which he there obtained now constitutes the debt or obligation which he brings an action on in this State. In view of the conclusion reached on the other branch of the case, it is not necessary to consider the last question at length for the decision of the question, but the case does not, in any of its circumstances, come under any one of the heads or sub-divisions, providing for an arrest in section 179 of the Code. The order of the special term vacating the order of arrest is affirmed, with $10 costs, and disbursements according to stipulation.

*Order affirmed.*